# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS MCAFEE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IVANA TOWNSEND, et al.,<br><br>　　　　Defendants. | CASE NO. 1:18-cv-00936-DAD-SKO<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

## I.　　INTRODUCTION

Plaintiff Curtis Mcafee, proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint filed on July 11, 2018. (Doc. 1 ("Compl.").)

The Court finds Plaintiff has not stated a cognizable claim, but may be able to correct the deficiencies in his pleading. Thus, Plaintiff is provided the pleading and legal standards for his claims and is granted leave to file a first amended complaint.

///

## A. Screening Requirement and Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court's screening of the complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## B. Pleading Requirements

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*,

490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted)

## II. DISCUSSION

### A. Plaintiff's Allegations

Plaintiff brings this action against Ivana Townsend, Elsa Cisneros, and Ireene Carrillo alleging deliberate interference with Plaintiff's parent-child relationship in violation of the Fourteenth Amendment. (Compl. at 1.) Defendants are employees of "Comprehensive Youth Services," which Plaintiff alleges administered his court-ordered supervised visits with his minor daughters. (Compl. at 1, 3.)

On July 17, 2017, Plaintiff contacted Comprehensive Youth Services to schedule a visit with his daughters and was informed by Defendant Townsend that he could not see his daughters because he owed a balance of $35.00. (Compl. ¶13.) Plaintiff contacted Defendant Townsend on August 3, 2017, to schedule a visit with her daughters and she informed him that he missed a visit the prior Sunday and had a debt of $35.00. (*Id.* ¶ 16.) Plaintiff responded that he did not schedule a visit for that day and inquired why he was being charged for visits he did not schedule. (*Id.*) Defendant Townsend disagreed that Plaintiff missed the visit. (*Id.*) Plaintiff decided to "leave the situation alone." (*Id.*)

3

Eight months later, on April 13, 2018, Plaintiff visited Comprehensive Youth Services and inquired of the "front clerk" what "steps [he] would have to take to visit [his] daughters." (Compl. ¶ 17.) He was informed that he had a credit of $5.00 on his account and provided the clerk an additional $35.00 to pre-pay for a visit that weekend. (*Id.*) When he contacted Defendant Townsend to arrange a visit, she informed him that he could not visit with his daughters because he "she wanted me to go to orientation again." (*Id.*) When he told Defendant Townsend that he had just pre-paid for the visit, she stated that "the clerk made a mistake" and should not have accepted his money. (*Id.*) When Plaintiff asked if he could use his credit for the orientation fee, as he was homeless and had no more money available, Defendant Townsend informed him it was "against company policy" to do so. (*Id.*) Plaintiff thereafter borrowed $25.00 to pay the fee and scheduled the orientation for April 19, 2018. (*Id.*)

After Plaintiff completed orientation on April 19, 2018, he was informed that Defendant Townsend would contact him "in a couple of days." (Compl. ¶ 18.) Having not heard from Defendant Townsend, Plaintiff contacted her on May 19, 2018, and left a message. (*Id.*) Defendant Townsend returned Plaintiff's calls that same day and informed him "she would be looking into what's going on with [his] visits and that she would return [his] phone call later that day." (*Id.*) Plaintiff alleges that Defendant Townsend never returned his call. (*See id.*)

At or around this same time, Plaintiff alleges he "started noticing a lot of red flags with" Defendant Townsend and conducted a background check on her. (Compl. ¶ 19.) According to Plaintiff, he discovered during the background check that Defendant Townsend is his "ex's cousin." (*Id.*) Plaintiff alleges that his "[e]x told [him] last year that [he] would not see his daughters because she had family members that worked for Comprehensive Youth Services as well as sisters who worked for the Sheriff Department." (*Id.*)

On July 2, 2018, Plaintiff received a call from Fresno Police Department regarding an allegation that Plaintiff had called Comprehensive Youth Services "over 40 times." (Compl. ¶ 21.) Plaintiff told the Fresno Police Department that he left Defendant Townsend voicemail messages stating that he is aware that she is his ex's cousin, informing that there are "bad things" about her on the internet, and telling her that he "hopes her daughter is doing well in school." (*Id.*) Plaintiff

4

denies making any other phone calls or threats to Comprehensive Youth Services. (*Id.*) Plaintiff was served with a restraining order against Defendant Townsend on July 11, 2018. (*Id.* at ¶ 23.) Plaintiff contends that Defendants made false statements in the documents supporting the restraining order to "intentionally interfere" with Plaintiff's ability to attend supervised visits with his daughters. (*Id.* ¶ 23–26.)

As a result of Defendants' conduct, Plaintiff seeks compensatory damages for "psychological and emotional distress," reimbursement of money paid to Comprehensive Youth Services, punitive damages, interest, and attorney's fees. (Compl. at 7.)

### B. Legal Standard

"It is well established that a parent has a fundamental liberty interest in the companionship and society of his or her child and that the state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. § 1983" ("Section 1983"). *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001) (internal citations, quotations, and alterations omitted). The standard for such a Section 1983 violation is based on substantive due process under the Fourteenth Amendment, *see Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 371 (9th Cir. 1998), as the Amendment "provides heightened protection against government interference with certain fundamental rights and liberty interests," *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997). "To prevail on a Fourteenth Amendment claim arising out of the loss of a familial relationship, a plaintiff must show that the Defendant's conduct shocks the conscience." *Provencio v. Vazquez*, 258 F.R.D. 626, 640 (E.D. Cal. 2009) (citing *Moreland*, 159 F.3d at 372); *see also Arres v. City of Fresno*, CV F 10–1628 LJO SMS, 2011 WL 284971, at *15 (E.D. Cal. Jan. 26, 2011) ("Conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to conscience-shocking level."); *Kim v. City of Santa Clara*, No. C 09–00025 RS, 2010 WL 2034774, at *6 (N.D. Cal. May 19, 2010).

Section 1983 liability, however, "attaches only to individuals who carry a badge of authority of a State and represent it in some capacity." *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citations omitted). In general, private parties are not state actors. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991); *see also Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)

("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes"). Consequently, the Ninth Circuit explained, "When addressing whether a private party acted under color of law, [the court] . . .start[s] with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). To determine whether a private actor acts under color of state law, the court must evaluate whether the alleged infringement of federal rights is "fairly attributable" to the government even though it is alleged to have been committed by private actors. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). The Supreme Court has explained that "state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (citation and quotation marks omitted)).

Here, even assuming that Plaintiff could show that Defendants' conduct "shocks the conscience" so as to constitute a deprivation of his substantive due process right under the Fourteenth Amendment, his claim fails because it lacks any allegation that Defendants were state actors under Section 1983. Plaintiff asserts that Defendants' employer Comprehensive Youth Services "[a[at all material times . . . received federal funding" (Compl. ¶ 12), but such allegation, without more, is insufficient to sustain a claim that Defendants acted under color of state law. *See Johnson v. Sutter Delta Med. Ctr.*, No. C 11–03628 SI, 2011 WL 5444319, at *2 (N.D. Cal. Nov. 9, 2011). However, Plaintiff also alleges that Comprehensive Youth Services administered his supervised visits pursuant to "court order[]." (Compl. at 1.) This bare allegation is equally insufficient, but it suggests the existence of a possible sufficient nexus between the Comprehensive Youth Services (and its employees) and the State that may support an allegation that acts undertaken by Defendants were under color of state law. Plaintiff will be afforded an opportunity to amend his complaint to plead facts sufficient to support his claim that Defendants acted under state law and are liable under Section 1983.

### III. CONCLUSION AND ORDER

As noted above, the Court will provide Plaintiff with an opportunity to amend his claims and cure, to the extent possible, the identified deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th

Cir. 2000). In his amended complaint, Plaintiff shall state as briefly as possible the facts of his case, describing how each defendant is involved, and Plaintiff shall not give any legal arguments or cite to any cases or statutes. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendants did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220, Local Rules of the United States District Court, Eastern District of California.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint (Doc. 1) is dismissed for failure to state a cognizable federal claim;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and
3. **If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated: **August 14, 2018** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE