# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS MCAFEE,<br><br>Plaintiff,<br><br>v.<br><br>IVANA TOWNSEND, et al.,<br><br>Defendants. | **Case No. 1:18-cv-00936-DAD-SKO**<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER, FAILURE TO STATE A CLAIM, AND FAILURE TO PROSECUTE**<br><br>**(Doc. 9)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

On July 11, 2018, Plaintiff Curtis Mcafee, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Ivana Townsend, Elsa Cisneros, and Ireene Carrillo, alleging deliberate interference with Plaintiff's parent-child relationship in violation of the Fourteenth Amendment. (Doc. 1 at 1.). On August 14, 2018, the Court issued an order finding that Plaintiff failed to state any cognizable claims, dismissing the Complaint, and granting leave for Plaintiff to file a first amended complaint within thirty (30) days. (Doc. 9.) More than thirty (30) days have passed, and Plaintiff has failed to file an amended complaint or otherwise respond to the Court's screening order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a

1

court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Further, when served at Plaintiff's address of record, the August 14, 2018 screening order was returned as undeliverable on September 19, 2018. Local Rule 183(b) provides that:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

L.R. 183(b). More than sixty-three days have lapsed since the screening order was returned as undeliverable and Plaintiff has not contacted the Court to request an extension or to otherwise explain any circumstances that may be preventing him from complying with the order.

Accordingly, Plaintiff is **ORDERED** to show cause **within twenty-one (21) days** of the date of service of this order why the action should not be dismissed for Plaintiff's failure to state a claim, to prosecute, and to comply with the Court's order; alternatively, within this same time period, Plaintiff may file a first amended complaint or a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated: __**December 3, 2018**__     /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE