# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS MCAFEE,<br><br>    Plaintiff,<br><br>v.<br><br>IVANA TOWNSEND, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00936-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER, FAILURE TO STATE A CLAIM, AND FAILURE TO PROSECUTE**<br><br>**(Docs. 1, 9, 11)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

    On July 11, 2018, Plaintiff Curtis Mcafee, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Ivana Townsend, Elsa Cisneros, and Irene Carrillo, alleging deliberate interference with Plaintiff's parent-child relationship in violation of the Fourteenth Amendment. (Doc. 1.) Plaintiff also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which was granted on July 16, 2018. (Docs. 2 & 3.)

    On August 14, 2018, the Court issued a screening order finding that Plaintiff failed to state any cognizable claims, dismissing the Complaint, and granting leave for Plaintiff to file a first amended complaint within thirty (30) days. (Doc. 9.) Although more than the allowed time has passed, Plaintiff has failed to file an amended complaint or otherwise respond to the Court's screening order.

    Further, when served at Plaintiff's address of record, the August 14, 2018 screening order was returned as undeliverable on September 19, 2018. Local Rule 183(b) provides that:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

L.R. 183(b). More than sixty-three days have lapsed since the screening order was returned as undeliverable and Plaintiff has not contacted the Court to request an extension or to otherwise explain any circumstances that may be preventing him from complying with the order.

On December 4, 2018, an order issued for Plaintiff to show cause within twenty-one days why the action should not be dismissed for his failure to comply with the Court's orders, the Local Rules, and for failure to state a claim. (Doc. 11.) Plaintiff has not yet filed any response.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to, the order that dismissed the complaint and his failure to keep his address updated, there is no alternative but to recommend that the action be dismissed for failure to respond to/obey a court order, failure to prosecute, and failure to state a cognizable claim.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed, with prejudice, for Plaintiff's failure to obey the Court's order, to prosecute this action, and to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated: **January 4, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE